Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANESSA RIVADENEIRA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    VANESSA RIVADENEIRA
    299 Stuyvesant Avenue, Apt. 7
    Lyndhurst, New Jersey 07071

    HEALTHCARE REVENUE RECOVERY GROUP, LLC
    1643 North Harrison Parkway, Building H, Suite #100
    Sunrise, Florida 33323

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated

15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiff resides in this jurisdiction.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. HRRG maintains a location at 1643 North Harrison Parkway, Building H, Suite #100, Sunrise, Florida 33323.

8. HRRG uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. HRRG is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims

against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff bring this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from HRRG (See Exhibit A), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP

        Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to July 11, 2019, Plaintiff allegedly incurred a financial obligation for a EMERGENCY PHYSICIANS SVCS of NJ ("EMERGENCY PHYSICIANS") for medical services.

19. The EMERGENCY PHYSICIANS obligation arose out of transactions, in which money, property, insurance or services, which are the subject of the transactions, were primarily for personal, family or household purposes.

20. Plaintiff incurred the EMERGENCY PHYSICIANS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The EMERGENCY PHYSICIANS obligation did not arise out of transactions that were for non-personal use.

22. The EMERGENCY PHYSICIANS obligation did not arise out of transactions that were for business use.

23. The EMERGENCY PHYSICIANS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The EMERGENCY PHYSICIANS originator is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to July 11, 2019, the EMERGENCY PHYSICIANS obligation of the Plaintiff was purchased by and/or sold to HRRG.

26. At the time the EMERGENCY PHYSICIANS obligation was purchased by and/or sold to HRRG, the EMERGENCY PHYSICIANS obligation was past due.

27. At the time the EMERGENCY PHYSICIANS obligation was purchased by and/or sold to HRRG, the EMERGENCY PHYSICIANS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28. Defendants caused to be delivered to Plaintiff a letter dated July 11, 2019, which was addressed to Plaintiff and sought a balance of $996. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference..

29. The July 11, 2019 letter was sent to Plaintiff in connection with the collection of the EMERGENCY PHYSICIANS obligation.

30. The July 11, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read the July 11, 2019 letter.

32. The July 11, 2019 letter stated in part:

AN OFFER FOR YOU

Our client has authorized us to offer you a settlement option in an effort to assist you in resolving your account balance. **This offer is good for 10 days <u>from</u> the date of this letter.** (emphasis added)

33. The July 11, 2019 letter also stated:

We are not obligated to renew this offer.

Settle your balance of $996 by making a one-time payment of $597.60 <u>**within**</u> **10 days of the date of this letter.**

34. The July 11, 2019 letter was received by Plaintiff at least 2 or 3 days after it was sent and at least 2 to 3 days into the "10 day payment deadline".

35. The July 11, 2019 letter would cause Plaintiff and others to be confused about when the payment had to be made to be accepted by Defendant – 10 days <u>from the date</u> of the letter (on or about July 22, 2019) or <u>within 10 days of the date</u> of the letter (on or about July 21, 2019).

36. The July 11, 2019 created a sense of urgency. In order to comply with the settlement offer made by Defendant, Plaintiff was left unsure of the date that the payment had to be made by.

37. The July 11, 2019 created a sense of urgency. By the time that Plaintiff received the July 11, 2019 letter, at least 2 to 3 days had already expired of the "10 day payment" deadline.

38. HRRG knew or should have known that its actions violated the FDCPA.

39. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation of the character, amount or legal status of the debt; and

   (c) Using a false representation or deceptive means in connection with the collection of a debt.

41. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

42. Plaintiff, on behalf of herself and others similarly situated, repeat and reallege all prior allegations as if set forth at length herein.

43. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

45. The Defendant's letter would cause the least sophisticated consumer to believe that the settlement offer was time-sensitive.

46. The Defendant's letter would mislead the least sophisticated consumer to believe that the offer would not be renewed.

47. Defendants' attempt to collect the alleged debts violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); and § 1692e(10).

48. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the settlement offer would or could expire.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the settlement offer may not be renewed.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by deceptively representing to Plaintiff and others similarly situated that the settlement offer would or could expire.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by deceptively representing to Plaintiff and others similarly situated that the settlement offer may not be renewed.

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated..

55. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the debt as being time-sensitive.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt as being time-sensitive.

59. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60. Defendants violated 15 U.S.C. § 1692e(10) by presenting payment of the debt as being time-sensitive.

61. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63. Plaintiff and others similarly situated have a right to receive proper notices as mandated by the FDCPA.

64. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

65. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

    (d)    Awarding pre-judgment interest;

    (e)    Awarding post-judgment interest.

    (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 24, 2019                        Respectfully submitted,

                        By:    *s/ Ben A. Kaplan*
                                Ben A. Kaplan, Esq. (NJ 0337712008)
                                CHULSKY KAPLAN, LLC
                                280 Prospect Avenue, 6G
                                Hackensack, New Jersey 07601
                                Phone (877) 827-3395 ex 102
                                Cell Phone: (201) 803-6611
                                Fax: (877) 827-3394; (866) 596-4973
                                ben@chulskykaplanlaw.com
                                Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 24, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
